PUERTO RICO WRESTLING CORP., Plaintiff and Appellee, *v.* BANCO DE PONCE, Defendant and Appellant.

No. R-63-156.     Decided September 24, 1964.

*L. E. Dubón, Luis E. Dubón, Jr., A. Torres Braschi,* and *R. Ruiz Sánchez* for appellant. *S. L. Lagarde Garcés* and *Enrique Bird Piñero* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The juridical facts involved in this case are simple. On January 30, 1962, the Puerto Rico Wrestling Corporation, plaintiff-appellee herein, for the purpose of opening a checking account in the Río Piedras Branch of the Banco de Ponce, defendant-appellant herein, delivered to that effect an acceptance of the resolution adopted by the Board of Directors of that Bank authorizing the opening of an account, the eighth clause of which reads: "This corporation shall hold the Bank harmless from any and all liability, loss, damage, costs and

expenses resulting from the nonpayment of any check, note, draft or other instrument, the payment of which has been countermanded by this corporation or by any officer, signatory, or other person authorized or purporting to be authorized so to do, and said Bank shall in no way be held responsible should it pay any such instrument through inadvertence or oversight after the receipt of such stop payment order. The matters herein contained shall be deemed to be incorporated in all stop payment orders, whether oral or written, at any time given by this corporation to said Bank. This corporation hereby waives presentment, demand for payment, protest or notice of dishonor with respect to any notes, drafts, checks or other negotiable instruments which at any time may be held by the Bank with respect to which this corporation is an endorser, drawer or other surety or secondary party, and this corporation hereby consents to any and every renewal or extension of time that may be granted with respect to such instruments."

On February 2, 1962, the opening date of the checking account by an initial deposit, it was agreed in the checking-account contract contained in the card on which there appear the signatures authorized to draw on the funds of the checking account: "Any stop payment order must be presented in writing. The depositor binds himself to hold the Bank harmless from any claim which may arise as a result of the latter's refusal to honor any document or check in connection with which a stop payment order has been presented. The depositor further binds himself to hold the Bank harmless from the payment of a check in connection with which a stop payment order may have been presented, provided this occurs through inadvertence, oversight, or if as a result of such payment other checks of the depositor are returned dishonored."

On February 21, 1962, the respondent corporation drew check No. 110 to the order of WKBM-TV, Channel 11, on the

funds which it had in appellant Bank, and on March 19, 1962, Romero, one of the employees with the right to sign on behalf of the respondent corporation, delivered to Pedro Rivera, of the Río Piedras Branch of the Bank, the following letter under his signature: "I respectfully request that you put a stop payment on check No. 110, dated February 21, 1962, to the order of WKBM-TV, Channel 11, for the amount of three thousand dollars ($3,000). For your information, the check in question cannot be collected because it was drawn for the purpose of a guarantee, but since that station did not accept the bond, the check is void. I will appreciate very much compliance with this request, and upon my return I shall stop to inform you and be informed myself on the results."

On April 2, 1962, there were presented in the Río Piedras Branch of defendant Bank, for certification, two checks for $3,000 each, both drawn by plaintiff to the order of WKBM-TV, Channel 11, one of which was marked No. 110 of February 21, 1962, and the other No. 181 of March 26, 1962. Since the credit balance was not sufficient to certify both checks, check No. 110 of February 21, 1962, to which the letter of March 19, 1962 referred, was certified through "inadvertence." It seems that subsequently the check thus certified was collected. On April 2, 1962, defendant Bank sent to the corporation a debit notice of the act of certification. And lastly, on April 6, 1962, Romero went to the Río Piedras Branch of appellant Bank and, upon learning that check No. 181 of March 16, 1962, was pending collection in the hands of the Bank, he presented another order to stop payment of the second check relieving the Bank "from any and all liability for stopping payment in compliance with this order, including the amount of the check, the expenses and costs which may be incurred as a result of this stop payment," and "from any and all liability in the event the said check is honored, notwithstanding this order, if such

payment is made through inadvertence or oversight. This notice shall be in force for 60 days counted as of the date thereof, and may be extended for 60 additional days upon payment of a charge of 50 cents." The reason for stopping payment of the second check was that "check No. 110, for a like amount, which was constituted as nonexchangeable conditional deposit, had been honored."

The facts recited above having been established, the trial court granted a motion for partial summary judgment made by plaintiff corporation, appellee herein, and it accordingly ordered appellant Bank to pay to plaintiff the sum of three thousand dollars ($3,000) for discounting that sum from its deposits by unduly paying check No. 110, plus $1,000 for attorney's fees and costs. The trial court's real reason for granting the motion for partial summary judgment seems to be synthesized in the following reasoning: "As a question of fact and of law, this Court concludes that in certifying— and subsequently paying—the check drawn by plaintiff, defendant Bank did not act accidentally or through inadvertence, oversight, or justifiable omission. On the contrary, we hold that defendant Bank acted deliberately and intentionally, with supine disregard of the express will of its depositor, plaintiff corporation. We are led to this conclusion by the unexplainable action of the Bank in certifying and paying a conditional and dubious check, even after the drawer ordered that payment thereof be stopped. The present case does not involve any real and genuine issue as to any essential fact, wherefore, as a question of law, summary judgment should be rendered for plaintiff, as to the first cause of action, by reason of the undue payment of the check."

The first result of this summary judgment is certain unsatisfaction of the trier's mind. It seems that the trial court considered the implied debtor-creditor agreement which constitutes the checking-account contract as an obligation

with penal clause in which, the fact of the nonperformance having been established, it is necessary to order payment of the damage previously liquidated in the form of guarantee.

■ According to the disclosures on this question as they appear throughout the slim evidence so far received, the Bank's error consisted in certifying the first check instead of the second, drawn in the same terms as the first. If the second had been certified, no damage would have been occasioned and the Bank would have acted within the normal course of business, since, the second check having been drawn on March 16, 1962, it was not until April 6, 1962 that the order to stop payment of the second check was given, or four days after certifying the first. The reason for stopping payment of the second check is quite clear: it is stopped because the first check, for a like amount, which was constituted as nonexchangeable conditional deposit, had been honored. A second check having been drawn without any condition, the inference that the second check was intended to substitute the first by reason of the fact that the latter was subject to the condition of constituting a nonexchangeable deposit, is tenable.

■ In the absence of evidence on the true intention of this second operation and the damage which the nonperformance of the checking-account contract caused to the corporate business as a result of the error or inadvertence committed in the certification and payment of the first check instead of the certification and payment of the second, we are in no position to pass judgment in this case.

The partial summary judgment rendered for plaintiff on May 14, 1963, by the Superior Court of Puerto Rico, San Juan Part, is reversed and the case remanded for decision on the merits.